```
          IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

GROUP PROPERTY INVESTMENT, CO., §
                                §
         Plaintiff,             §
                                §
VS.                             §   NO. 4:05-CV-339-A
                                §
AUSSIE RULES MARINES SERVICES,  §
LTD,                            §
                                §
         Defendant.             §

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

Came on for consideration the motion of defendant, Aussie Rules Marines Services, Ltd., for leave to amend its notice of removal. Having considered motion and brief in support, the response of plaintiff, Group Property Investment, Co., defendant's reply, and applicable authorities, the court concludes the motion should be granted.

On May 23, 2005, defendant filed a notice of removal, which was based in part on diversity jurisdiction. In particular, defendant alleged that it was "a non-resident limited partnership and maintain[ed] its principle place of business at . . . GeorgeTown, Grand Cayman, Cayman Islands." After plaintiff filed a motion to remand, based partly on the ground that defendant failed to alleged the citizenship of each of its partners, defendant filed the instant motion for leave to amend its notice of removal to reflect that it is a corporation rather than a limited partnership.

Under 28 U.S.C. § 1653, "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  Plaintiff contends that, as a matter of law, a defendant may not amend a notice of removal to supply missing allegations after the thirty-day removal period of 28 U.S.C. § 1446(b) has expired.  Resp. at 3.  However, the court has not been directed to any Fifth Circuit precedent so holding.  Several district courts have cited <u>Aetna Casualty & Surety v. Hillman</u>, 796 F.2d 770, 776 (5th Cir. 1986), for the proposition that § 1653 does not allow amendments to add missing allegations of jurisdiction after the thirty-day removal period, but such cases overstate the holding in <u>Aetna</u>.  <u>See</u>, e.g., <u>Zaini v. Shell Oil Co.</u>, 853 F. Supp. 960, 964 n.2 (S.D. Tex. 1994).  Instead, the standard set forth in <u>Aetna</u> is that "Section 1653 provides a method for curing defective <u>allegations</u> of jurisdiction.  It is not to be used to create jurisdiction retroactively where it did not previously exist."  <u>Aetna</u>, 796 F.2d at 775 (citations omitted) (emphasis in original); <u>see also</u> <u>Whitmire v. Victus LTD.</u>, 212 F.3d 885, 888 (5th Cir. 2000) (distinguishing between "inadequate jurisdictional allegations" and "defective jurisdictional facts").

In this case, defendant's original notice of removal quoted plaintiff's state-court petition in alleging that defendant was a non-resident limited partnership maintaining its principal place of business in the Cayman Islands.  Notice of Removal at 2.  It further alleged that "there is complete diversity amongst the

2

parties." Id. Defendant's amended notice of removal alleges that, rather than being a limited partnership, it is in fact a company incorporated in and having its principal place of business in the Cayman Islands. Mot. for Leave, Tab A at 2-3. The proposed amendment does not add any new ground for removal. Instead, it is merely a "technical" or "formal" amendment and "would not create jurisdiction where it did not previously exist." Whitmire, 212 F.3d at 888 (allowing a plaintiff to amend her complaint in a removed action); see Aetna, 796 F.2d at 775; McDuffie, Inc. V. Old Reliable Fire Ins. Co., 608 F.2d 145, 146-47 (1979) (affirming leave to amend where the original removal petition failed to specifically allege the citizenship of the parties). Therefore, the court concludes that defendant's motion for leave should be granted. Accordingly,

The court directs the clerk to file defendant's amended notice of removal and appendix tendered with the above-described motion for leave.

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied as moot, without prejudice to its right to file an amended motion to remand based on defendant's amended notice of removal.

SIGNED August  8 , 2005.

                                    /s/ John McBryde
                                   JOHN McBRYDE
                                   United States District Judge